UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD J. KOELLER,

Plaintiff,

v.

TD SYNNEX CORPORATION,

Defendant.

Case No. 26-cv-01102-AMO

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 12

This is a putative consumer protection class action.  Before the Court is Defendant TD Synnex Corporation's ("TD Synnex") motion to dismiss Plaintiff Edward J. Koeller's complaint. The motion is fully briefed and suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  Having considered the briefing filed by the parties, the relevant legal authority, and good cause appearing, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for the following reasons.

I.      BACKGROUND

        A.      Factual Background[1]

        Edward J. Koeller has listed his telephone number on the National Do-Not-Call Registry since August 2007.  Complaint, Dkt. No. 1 ("Compl.") ¶ 21.  Koeller received telemarketing calls on at least January 21, January 30, and February 3, 2026.  *Id.* ¶ 39.  On all calls, the callers identified themselves as calling from TD Synnex, and "sought to solicit [Koeller] to purchase TD Synnex's endpoint security offerings."  *Id.* ¶¶ 40, 41.  During the first call, Koeller informed the

_____

[1] These facts are drawn from the allegations in Koeller's complaint, which the Court accepts as true and construes in the light most favorable to Koeller.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

United States District Court
Northern District of California

caller that they were calling his personal number and that his telephone number is on the National Do-Not-Call Registry. *Id.* ¶ 43. Koeller instructed the caller not to call him again. *Id.* Despite this information, Koeller received a second and third call from TD Synnex's representatives for the same purpose. *Id.* ¶¶ 44-49.

### B.     Procedural Background

Koeller filed a putative class action suit against TD Synnex on February 4, 2026, bringing a single claim for violation of the Telephone Consumer Protection Act ("TCPA"), Title 47 U.S.C. Section 227(c)(5). *See* Compl. On April 27, 2026, TD Synnex filed a motion to dismiss, arguing that Koeller lacked Article III standing and failed to state a claim. *See* Dkt. No. 12. TD Synnex also seeks dismissal of Koeller's requests for treble damages and injunctive relief. *Id.* at 8. Koeller filed an opposition on May 8, 2026, Dkt. No. 15, and TD Synnex's reply followed on May 18, 2026, Dkt. No. 17.

## II.     DISCUSSION

As a threshold matter, the Court first analyzes whether Koeller has standing to bring this suit, then assesses TD Synnex's argument that Koeller failed to state a claim upon which relief can be granted, and finally reaches TD Synnex's arguments regarding treble damages and injunctive relief.

### A.     Standing

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) attacks a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Standing is a necessary element of federal-court jurisdiction" and a "threshold question in every federal case." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citations and quotations omitted). To establish standing under Article III of the Constitution, "a plaintiff must show (i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594

United States District Court
Northern District of California

2

U.S. at 427 (emphasis in original).

A challenge to standing under Rule 12(b)(1) can be factual or facial. A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack presumes "the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.' " *Leite*, 749 F.3d 1117 at 1121 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121 (citation omitted). Here, TD Synnex's challenge to standing is facial, as TD Synnex does not contest the truth of Koeller's factual allegations, but rather argues that they are insufficient to confer standing because they fail to demonstrate attributable wrongful conduct to TD Synnex and redressability by this Court. *See* Dkt. No. 12 at 6-8. The Court discusses each argument in turn.

### 1.    Attributable Wrongful Conduct

To satisfy traceability under Article III standing "there must be a causal connection between the injury and the conduct complained of[.]" *Lujan*, 504 U.S. at 560. In other words, the injury must be fairly traceable to defendant's challenged conduct. *Id.* at 560-61 (quoting *Simon v. Eastern Ky. Welfare Rts. Org.*, 426 U.S. 21, 41-42 (1976)). TD Synnex argues that Koeller fails to directly trace the three calls made on January 21, January 30, and February 3 to TD Synnex. Dkt. No. 12 at 7. Specifically, TD Synnex contends that the calls may have resulted from "independent action of some third party not before the court." *Id.* (citing *Lujan*, 504 U.S. at 560). But Koeller alleges that the caller identified themselves as calling from TD Synnex on all calls. Compl. ¶ 40. At the pleading stage, Koeller's allegation that the calls on January 21, January 30, and February 3, 2026, came from TD Synnex suffices to show traceability. *See Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 987 (9th Cir. 2023) ("When 'deciding standing at the pleading stage, and for purposes of ruling on a motion to dismiss for want of standing, . . . courts must accept as true all material allegations of the complaint in favor of the complaining party.' ") (quoting *Mecinas v. Hobbs*, 30

United States District Court
Northern District of California

F.4th 890, 895 (9th Cir. 2022)); *Bradshaw v. CHW Grp., Inc.*, 763 F. Supp. 3d 641, 646 (D.N.J. 2025) (finding plaintiff plausibly alleged defendant called him where defendant identified themselves on the phone).  This argument fails.

### 2.    Redressability of Alleged Harm

TD Synnex also contends that Koeller's alleged harm cannot be redressed by the Court. "The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party[.]" *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  It "must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43).  TD Synnex asserts that the alleged wrongful conduct cannot be redressed by the Court because the "injury may have been caused by someone other than [TD Synnex], a decision favorable to [Plaintiff] . . . would not necessarily redress the injury."  Dkt. No. 12 at 7 (quoting *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *19 (S.D. Cal. July 9, 2024)).  TD Synnex's argument is again foiled by Koeller's allegations that all three callers identified themselves as calling from TD Synnex.  *See* Compl. ¶ 40; *cf. Brown*, 2024 WL 3367536, at *3 (finding plaintiff failed to plead redressability because they did not "allege that any of the callers identified themselves as representatives of [defendant].").  Because Koeller adequately alleged his injury is traceable to TD Synnex, *see* Section III(A)(1), a decision favorable to Koeller, and against TD Synnex, would redress the injury.  *See Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1124 (9th Cir. 2022) ("In the context of the TCPA, Congress permitted recipients of unsolicited telemarketing calls to 'recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.' ") (citation omitted); *Perez v. Rash Curtis & Assocs.*, No. 4:16-CV-03396-YGR, 2020 WL 1904533, at *1 (N.D. Cal. Apr. 17, 2020) ("a jury verdict was entered that each member of the classes shall recover from defendant the amount of $500 per call made in violation of the TCPA.").  This argument also fails.

In conclusion, Koeller has adequately alleged Article III standing.  Thus, the Court denies TD Synnex's motion to dismiss for lack of standing.

United States District Court
Northern District of California

United States District Court
Northern District of California

### B.    Failure to State a Claim

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' " *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)). In deciding a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031.

Koeller seeks relief under the TCPA. The TCPA provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity[.]" 47 U.S.C. § 227(c)(5). "As part of the TCPA, Congress directed the Federal Communications Commission (FCC) to create a national 'do not call' registry . . . and authorized the FCC to issue regulations 'prohibit[ing] any person from making . . . a telephone solicitation to the telephone number of any subscriber' listed in the registry." *Coffey v. Fast Easy Offer, LLC*, No. 25-4066, 2026 WL 1614175, at *1 (9th Cir. June 4, 2026) (quoting 47 U.S.C. § 227(c)(3)(F)). "For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-CV-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)). Here, Koeller proceeds only on the theory that TD Synnex directly placed the calls. Dkt. No. 15 at 9 ("Here . . . there is no intermediary, no agency theory, and no unidentified caller, making attribution to TD Synnex direct and straightforward."). Accordingly, the Court assesses only whether Koeller plausibly pleaded that TD Synnex is directly liable.

A defendant is directly liable under the TCPA if the defendant itself made the offending telephone communication. *See Gomez*, 768 F.3d at 877. TD Synnex argues that the factual

United States District Court
Northern District of California

allegations contained in the complaint fail to establish that TD Synnex directly made the calls. Dkt. No. 12. at 5 (citing *Abante*, WL 288055, at *5 and *Wilson v. MEDVIDI Inc.*, No. 5:25-CV-03996-BLF, 2025 WL 2856295, at *4 (N.D. Cal. Oct. 7, 2025)). Dkt. No. 12 at 5-6. However, in *Abante*, a number of the callers alleged "they were calling on behalf of 'Farmers Insurance,' i.e., not the defendant[,]" which did "not support an inference that the representatives were employed by defendant [Farmers Group]." *Abante*, 2018 WL 288055, at *5. The court thus found plaintiff's complaint lacked factual allegations to plausibly allege defendant made the calls. *Id.* In contrast, Koeller states the representatives identified themselves as calling from TD Synnex, not from a third party. TD Synnex relies on *Wilson* to argue that Koeller's allegations are conclusory, however in *Wilson*, the court held that because plaintiff failed to provide factual details tying the communications to defendants, the allegations were conclusory. *See Wilson*, 2025 WL 2856295, at *4. Here, Koeller's allegations are not conclusory – he alleges that the callers told Koeller that they were from TD Synnex and solicited Koeller to purchase endpoint security offerings from TD Synnex on January 21, January 30, and February 3. Dkt. No. 1 ¶¶ 40-41; *see also Bradshaw*, 763 F. Supp. 3d at 646 (holding it plausible to attribute a call to the defendant where the caller stated she was "calling from the Defendant,"); *Miholich v. Senior Life Ins. Co.*, No. 21-CV-1123-WQH-AGS, 2022 WL 410945, at *4 (S.D. Cal. Feb. 10, 2022) (finding allegations tying text message content to the defendant's services sufficient to survive a motion to dismiss).

Accordingly, Koeller has plausibly alleged that TD Synnex made the phone calls for purposes of direct liability under the TCPA. *See, e.g.*, *Sapan v. Bloom Ret. Holdings, Inc.*, No. 8:24-CV-01213-FWS-KES, 2025 WL 1718083, at *3 (C.D. Cal. Apr. 14, 2025) (finding plaintiff plausibly alleged that, on information and belief, the phone numbers from which he received calls all belonged to defendant); *Griffin v. Am.-Amicable Life Ins. Co. of Texas*, No. 6:24-CV-00243-MC, 2024 WL 4333373, at *3 (D. Or. Sept. 27, 2024) (finding the plaintiff stated a TCPA claim for direct liability by alleging that he received three calls from callers who either "identified themselves as [d]efendant or an agent of [d]efendant"); *Hoagland v. Axos Bank*, No. 20-CV-00807-BAS-DEB, 2021 WL 4924814, at *3 (S.D. Cal. Oct. 21, 2021) (finding the plaintiff plausibly alleged direct liability where plaintiff alleged "he received multiple calls from at least

6

three different callers, Nurmeen, Wes, and Chris, each of whom identified themselves as" being with defendant).  The Court must deny TD Synnex's motion to dismiss the TCPA claim.

### C.    Treble Damages

The Court next considers whether it should grant Koeller's request for treble damages.  Under the TCPA, a court, in its discretion may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)," if "the defendant willfully or knowingly violated the Act."  47 U.S.C. § 227(c)(5)(C).  "[A]lthough neither the TCPA nor the FCC regulations define the terms 'willfully or knowingly' . . . courts have generally interpreted willfulness to imply only that an action was intentional."  *Roylance v. ALG Real Est. Servs., Inc.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244, at *10 (N.D. Cal. Mar. 16, 2015) (citation and quotations omitted).  Further, "[w]hile the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[ ], rule or regulation.' " *Id.*

TD Synnex argues that Koeller fails to allege TD Synnex acted willfully or knowingly, and as a result, the Court must dismiss Koeller's request for treble damages.  Dkt. No. 12 at 8.  Not so.  Koeller pleaded that TD Synnex "violated the TCPA willfully or knowingly" and that during the first call, he informed the caller that his number was listed on the National Do-Not-Call Registry, and despite the notice, Koeller received two additional calls.  Dkt. No. 1 ¶¶ 43-48, 66.  These allegations are enough to support Koeller's request for treble damages at the pleading stage.  *See Keifer v. HOSOPO Corp.*, No. 3:18-CV-1353-CAB-(KSC), 2018 WL 5295011, at *5 (S.D. Cal. Oct. 25, 2018) (holding allegation that defendant's actions "constitute numerous and multiple knowing and/or willful violations of the TCPA" sufficient to support treble damages at the motion to dismiss stage); *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2015 WL 431148, at *4 (N.D. Cal. Feb. 2, 2015) (same).  Thus, the Court denies TD Synnex's motion to dismiss Koeller's request for treble damages.

### D.    Injunctive Relief

Lastly, TD Synnex moves the Court to dismiss Koeller's request for injunctive relief

because Koeller lacks standing to seek it. Dkt. No. 12 at 8. Injunctive relief "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged again[.]" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "Courts applying this principle in the context of the TCPA have generally found that allegations of past TCPA violations do not establish standing to pursue injunctive relief." *Taylor v. Kin Ins., Inc.*, 1:25-CV-00213-AMP, 2025 WL 1651524, at *2 (N.D. Ill. June 10, 2025). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.' " *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Lyons*, 461 U.S. at 111). Koeller states that "[o]n information and belief, [TD Synnex] will continue to place numerous telephonic solicitations[.]" Dkt. No. 1 ¶ 53. But "[a]llegations of possible future injury do not satisfy the requirements [for standing for injunctive relief]." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). "A threatened injury must be certainly impending to constitute injury in fact." *Id.* (citations and quotations omitted).

Koeller alleges he received three calls within two months. Dkt. No. 1 ¶ 39. The timing and number of calls do not show "a sufficient likelihood that he will again be wronged in a similar way." *Lyons*, 461 U.S. at 111; *see also Koeller v. Cyflare Sec., Inc.*, No. 4:25-CV-00410-MTS, 2025 WL 3280316, at *3 (E.D. Mo. Nov. 25, 2025) (holding that two calls in the span of three months is insufficient to confer standing for injunctive relief); *Miller v. Time Warner Cable Inc.*, 8:16-CV-00329-CAS-ASX, 2016 WL 7471302, at *4 (C.D. Cal. Dec. 27, 2016) (finding the risk of future unsolicited calls "too speculative to establish a real or immediate threat of repeated injury"); *Brown*, 2024 WL 3367536, at *8 (finding that allegation that plaintiff received three calls in one month was not enough to establish standing for injunctive relief). Thus, the Court grants TD Synnex's motion to dismiss injunctive relief.

### E.    Leave to Amend

Courts dismissing a complaint should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  At this stage, the Court cannot determine as a matter of law that amendment would prove futile.  Koeller may be able to amend his complaint to adequately allege standing to pursue injunctive relief.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").  Accordingly, the Court grants Koeller leave to amend his complaint.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** TD Synnex's motion to dismiss Koeller's request for injunctive relief with leave to amend.  Otherwise, the motion to dismiss is **DENIED**.  Koeller **SHALL FILE** an amended complaint, or a notice stating he is standing on his operative complaint, no later than 21 days from the date of this Order is posted.  No additional parties or claims may be added without leave of Court or stipulation of Defendant.

Further, the Court **VACATES** the case management conference presently set for July 16, 2026.  *See* Dkt. No. 14.  The Court will set an initial case management conference in this action once the pleadings are settled.

**IT IS SO ORDERED.**

Dated: July 7, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

9